IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 10, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

DOROTHY ANN ELLIS )  SEVIER COUNTY
 )  03A01-9806-CH-00204
   Plaintiff-Appellant )
 )
   v. )  HON. TELFORD E. FORG
 )  CHANCELLOR
 )
FLORA TRENTHAM,[1] BUD
TRENTHAM, and JANICE )
TRENTHAM )
 )
   Defendants-Appellees )  AFFIRMED AND REMANDE

DOROTHY ANN ELLIS, Pro Se

CYNTHIA RICHARDSON WYRICK OF SEVIERVIL

O P I N I O N

Goddard, P.J.

This suit was originated by Dorot

Flora Trentham,[1] Bud Trentham and Janice Trent

connection with the parties' adjacent

relief:

---

[1] Flora Trentham died during the pendency o
her death being suggested, Fred Trentham, devise
was substituted as a party Defendant in her stea

1. That an injunction be issued a
defendants requiring them to remove
the Old County Road and requiring t
dirt removed from the side of the h
the Old County Road by placing it i
it was in prior to removal of the d

2. That this Court perfect an eas
plaintiff has obtained by prescript
County Road, thus providing the pla
to her property;

3. That the defendants be ordered
trespass on the plaintiff's propert
required to remove all improvements
defendant thereto;

4. That the plaintiff be awarded
unlawful trespass and the resulting
plaintiff's dwelling due to said tr
of the Old County Road;

5. That, in the event that this C
perfect an easement by prescription
an easement be granted to the plain
Tenn. Code Ann. 54-14-103, such eas
sufficient metes and bounds and ext
County Road as previously existing;

6. That this Court grant all othe
relief to which the plaintiff is en
the costs of this cause.

The Trial Court found in favor of
recognizing that his determination res
property becoming landlocked, noted th
the provisions of Title 54, Chapter 14
right-of-way over the Defendants' prop
road.

The Chancellor entered an order p
of the Tennessee Rules of Civil Proced

determination and reserved the issue r

proceeding.

Thereafter, Ms. Ellis filed a pet condemn a right-of-way pursuant to T.C

The case was thereupon continued until it was set for trial on February date Ms. Ellis filed a motion seeking her ill health and to permit her to ob Chancellor allowed her 30 days to reta 45 days--which included the 30 days--t trial. He thereupon set the case to b and advised that "no further delays wi

On the date of trial Ms. Ellis ap the Court that she had not retained co mentally nor physically ready to proce Chancellor thereupon dismissed the act her.

Ms. Ellis appeals raising the fol

1. Did the Trial Court err in dismis
because I cannot afford legal couns
$125 per hour for two attorneys for
still do not have access to my prop
able to stop the encroachment on to
property. I am attempting to find
finish this case contingent on coll

the people responsible for damaging
blocking my access.

2. Did the Trial Court err in chargi
Court Costs in this Action when Cha
Rainwater approved and signed my Un
Affidavit of Indigency on March 24,
proceeded as indigent in the last m
County Chancery Court. The Notice
certified by Sevier County Clerk an
McMahan on August 11, 1998, also sh

As to the first issue, there is a
dated February 24, 1998, which accompa
Ellis dated March 2, both of which wer
doctor's statement, which appears to b
hearing date, states the following:

February 24, 1998

To: Judge Forgety
Re: Dorothy Ellis

Dear Sir,

Please be advised that Ms. Dorothy
extremely ill over the past week an
office for treatment. Ms. Ellis ha
emergency room due to chest pain.

Respectfully,

/s/ Frank H. McNiel, M.D.

Frank H. McNiel, M.D.

No doctor's report was filed as t
date.

4

As to matters of a continuance, t

granted wide _Blake v. Plus Mark_, 952 S.W.2d

413 (Tenn.T.u1r9t9l7e) ;Creek Apar,t9m5e8n tSs. Wv..2 dP o7

(Tenn.App.1997). We cannot find under

which does not include a transcript of

Chancellor on April 21, that an abuse

shown.

As to the second issue, the statu

to pr _oicnfeed pauperis_ relieves them from the

making a bond for court costs, but doe

being onerated with court costs if adj

and justified by the record.

The Defendants raise an issue ask

be found to be frivolous and that dama

T.C.A. 27-1-122.

Recognizing that lay persons migh

that being granted pauper status would

of court costs, we are disinclined to

with attorney fees for counsel for the

Finally, we observe, as conceded

Defendants, that the resolution of the

to the private condemnation feature of

the merits and Ms. Ellis is still free

precluded-- to pursue this facet of he

For the foregoing reasons the jud

Court is affirmed and the cause remand

below.  Costs of appeal are adjudged a


_____

Houston M. Goddard, P.J

CONCUR:


_____

Herschel P. Franks, J.


_____(Not Participating)

Don T. McMurray, J.